888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas FLANNIGAN, Plaintiff-Appellee,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellant.
 No. 88-2162.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 In this diversity action plaintiff, Thomas Flannigan, was awarded $1,868,000 by a jury on his claim of wrongful discharge.[1] Subsequent to entry of judgment, defendant, Consolidated Rail Corporation (Conrail), filed two motions. One sought a judgment notwithstanding the verdict (JNOV) and the other prayed for a new trial or, in the alternative, for a remittitur. The district judge issued a carefully considered written opinion in which he concluded that the JNOV motion should be denied and that the motion for a new trial should also be denied, conditional upon the plaintiff filing a remittitur reducing the verdict to $700,000. Plaintiff filed the remittitur and a final order was entered on October 11, 1988, from which Conrail timely filed this appeal.
 
 
 2
 On appeal, Conrail argues that the JNOV motion should have been granted or, that as a minimum, a new trial should have been ordered. As part of its "new trial" argument, Conrail claims the district judge failed to rule on its motion for a new trial.
 
 
 3
 Upon a review of the record, we conclude that the judgment of the district court should be affirmed on the basis of the district court opinion. We write additionally only to address and reject Conrail's contention that the district judge did not rule on its new trial motion.
 
 I.
 
 4
 On January 19, 1988, the defendant filed two separate motions, one seeking a JNOV and the other a new trial or, in the alternative, a remittitur. The court considered these motions together and issued only one opinion and order that resolved both motions. The facts and resume of the evidence set forth in the district court opinion clearly are the backdrop for the ruling on the JNOV motion as well as the new trial motion. The district judge made it crystal clear in his opinion, however, that the standards governing the grant or denial of a new trial motion are quite different from those involved in granting or denying a JNOV motion. Judge Freeman stated in his opinion that: "Consequently, the court could order a new trial even though it could not grant a JNOV motion." (District court opinion at 12-App. 138). Accordingly, there is no claim, nor could there be, that the district court blurred the standards governing these motions. What is claimed for the first time on appeal is that the defendant filed a two-part motion for a new trial--one part being predicated on the verdict being "contrary to the clear weight of the evidence" and the other part being predicated on a new trial being mandated due to excessive damages. Conrail now claims that the district judge ruled only on the excessive damage prong of its motion and not the "weight of the evidence" claim. Notwithstanding that Conrail claims the trial judge ruled only on one-half of its new trial motion, no motions for reconsideration or clarification were filed.[2] Although this point is not central to the resolution of this issue, we emphasize that the better procedure is to call alleged "oversights" first to the attention of the trial judge rather than on appeal.
 
 
 5
 There are three reasons why we reject Conrail's argument that the district court did not rule fully on its new trial motion. First, a reading of the motion (App. 104) reveals it to be a standard, boilerplate new trial motion based upon on the verdict being contrary to the weight of the evidence with a prayer in the alternative for remittitur. We do not construe this as two separate new trial motions. Obviously, there must be a claim made that damages are excessive; otherwise, there would be no basis for seeking a remittitur.
 
 
 6
 Second, remittitur is not a device to be used to lower a jury verdict based upon some uncertainty on the part of the trial judge as to the correctness of the jury verdict. Although one may suspect that juries often resolve their uncertainties or disagreements relative to liability by adjusting the amount of damages, this practice is not a post-verdict option available to the trial judge. Either the jury verdict on liability is sustainable or it is not. If it is, the trial judge then may address the remittitur issue.
 
 
 7
 Third, the construction placed on the district court action by Conrail would result in an absurdity. The plaintiff was told by the trial judge that he faced a new trial on the issues of both liability and damages unless he agreed to the remittitur. (District court opinion at 16 (App. 142)). Conrail now argues that having agreed to a remittitur, the plaintiff should now be faced with the prospect of a new trial anyway. We are confident this was not the intent of the district judge. No plaintiff would ever agree to a remittitur unless he knew it was in lieu of a new trial and not in addition thereto.
 
 
 8
 We do note, as Conrail points out, that the trial court opinion shifts into a discussion of damages after discussion the standard for granting a new trial. We do not agree that the trial court failed to apply these standards to the evidence presented during trial. As we indicated earlier, the trial judge discussed the facts and evidence jointly as they related to both the JNOV and new trial motions. From the court's discussion, it is apparent that the trial judge found the evidence to be in such a state that to deny a new trial motion would not be an abuse of discretion. We agree. The fact that the discussion of the damages is to be found in that part of the district court opinion dealing with the new trial motion is explained by the fact that remittitur was the alternative to the new trial, not the JNOV.
 
 
 9
 Last, we note that a court speaks officially through its orders, not its opinions. The final order entered in this case on October 11, 1988, from which defendant appeals, clearly states in relevant part:
 
 
 10
 Defendant having moved the Court for entry of Judgment NOV, new trial or, in the alternative, remittitur ...
 
 
 11
 IT IS ORDERED that for reasons set forth in the Memorandum Opinion, dated August 16, 1988, the Defendant's Motion for Judgment NOV is Denied.
 
 
 12
 IT IS FURTHER ORDERED that Plaintiff having filed a remittitur in this matter in accordance with the Memorandum Opinion of this Court, remitting and relinquishing all amounts of said verdict in excess of $700,000.00, and in accordance with the Memorandum Opinion, Defendant's Motion for New Trial is denied.
 
 
 13
 (App. 146-47) (emphasis added).
 
 
 14
 It is apparent that Judge Freeman found this to be a close case. This is not an unusual position for a trial judge in a jury trial. We also find it to be close. We cannot say, however, that it was error to deny the JNOV motion or an abuse of discretion to deny the new trial motion.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable William O. Bertelsman, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Plaintiff asserted two different theories for recovery: a race discrimination claim under the Elliott-Larsen Civil Rights Act, Mich.Comp.Laws Ann. Sec. 37.2101 et seq., and a "Toussaint" claim for wrongful discharge. See Toussaint v. Blue Cross and Blue Shield of Michigan, 408 Mich. 579 (1980). The trial judge directed a verdict in defendant's favor on the Toussaint claim
 
 
 [2]
 We reject plaintiff's argument that the failure to file such a motion amounts to defendant's having waived this issue